UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN WEI LIANG and CHUCHU XU, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ) <br> ROCK RIDGE INSURANCE COMPANY, ) <br> ) <br> *Defendant*. ) | Case No. 3:22-cv-344 <br><br> Judge Atchley <br><br> Magistrate Judge McCook |

### ORDER

Before the Court is Plaintiffs' Motion for Certification of Question to the Tennessee Supreme Court [Doc. 26]. For reasons that follow, Plaintiffs' Motion for Certification of Question to the Tennessee Supreme Court will be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action stems from a wildfire that destroyed Plaintiffs' property on March 31, 2022. [Doc. 1 at ¶ 14]. Defendant insured Plaintiffs' property, and the Parties now disagree as to the insurance policy's (the "Policy") meaning, specifically whether the Policy is a "valued policy" under Tennessee law. [*Id.* at ¶ 7, 22–25; Doc. 12 at ¶ 21]. Believing that the Policy is a "valued policy," Plaintiffs filed suit in this Court on October 3, 2022, and seek damages for breach of contract and a declaratory judgment that the Policy is in fact a "valued policy" under Tennessee law. [Doc. 1 at ¶ 34–45]. Plaintiffs filed a Motion for Judgment on the Pleadings [Doc. 18] on January 30, 2023, and Defendant opposed the Motion and filed its own Counter-Motion for Partial Judgment on the Pleadings on February 20, 2023. [Doc. 22]. Three months later, on May 19, 2023, Plaintiffs filed their Motion for Certification of Question to the Tennessee Supreme Court [Doc.

26], which is now before the Court. The competing motions for judgment on the pleadings remain pending as of this Order.

That is not the end of the story, however. While this action proceeded, so too did a lawsuit involving different plaintiffs but the same issues. That lawsuit, *Liu, et al. v. Rock Ridge Ins. Co.*, No. 3:22-cv-00239-DCLC-DCP (E.D. Tenn. July 14, 2023), also saw plaintiffs allege that their insurance policy with Rock Ridge was a "valued policy" under Tennessee law. [Doc. 28 at 2]. Notably, the plaintiffs in *Liu* had property damaged by the same wildfire, were insured by the same Rock Ridge policy, and were represented by the same counsel as Plaintiffs in this action. [*Id.*]. The complaints, answers, and motions for judgment on the pleadings in both cases are virtually identical. [*Id.*]. In *Liu*, Judge Corker denied plaintiffs' motion for judgment on the pleadings but granted Rock Ridge's, finding that plaintiffs' insurance policy was not a "valued policy" under Tennessee law. *Liu, et al. v. Rock Ridge Ins. Co.*, No. 3:22-cv-00239-DCLC-DCP, at 1 (E.D. Tenn. July 14, 2023). Judge Corker issued that ruling on March 17, 2023, which is notably two months before Plaintiffs filed their Motion for Certification in this action. [Doc. 26].

## II.   ANALYSIS

Plaintiffs now move to certify to the Tennessee Supreme Court the question of whether their insurance policy is a "valued policy" under Tennessee law. [Doc. 26 at 1]. Tennessee Supreme Court Rule 23, Section 1 provides that the state high court may answer questions of law a Tennessee U.S. district court certifies to it if the district court determines that, in the case before it, there are questions of state law "which will be determinative of the cause" and as to which "there is no controlling precedent in the decisions of the Supreme Court of Tennessee." TENN. SUP. CT. R. 23. Notwithstanding this Tennessee Supreme Court Rule, "[t]he decision whether or not to utilize a certification procedure lies within the sound discretion of the district court." *Pennington*

*v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 449–50 (6th Cir. 2009) (internal quotation marks omitted). Indeed, "the federal courts generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks." *Id.* at 450 (citations and internal quotation marks omitted).

The United States Court of Appeals for the Sixth Circuit has offered guidance to district courts for situations where they must exercise their discretion in ruling on motions to certify. Specifically, the Sixth Circuit has remarked that "certification is disfavored when it is sought only after the district court has entered an adverse judgment" and resolved the issue. *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015). Sixth Circuit precedent also makes clear that certification is not necessary simply because the state high court has not addressed the precise question sought to be certified. *Id.* (citing *Pennington v. State Farm Mut. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009)). Rather, so long as well-established and reasonably clear principles exist to guide the decision, the district court is within its discretion to resolve the case itself. *Id.*

The Court finds that certification is not appropriate in this case for two reasons. First, the timing of Plaintiffs' Motion for Certification is such that it is disfavored pursuant to Sixth Circuit precedent. Second, reasonably clear principles exist to guide the Court's resolution of the question before it, thus rendering certification to the Tennessee Supreme Court unnecessary. The Court will address each reason in turn.

As to the timing of Plaintiffs' Motion for Certification, it was filed on May 19, 2023, two months after Judge Corker's March 17, 2023, ruling in *Liu* that those plaintiffs' insurance policy, identical to Plaintiffs' Policy in this action, was not a "valued policy" under Tennessee law. *Liu, et al. v. Rock Ridge Ins. Co.*, No. 3:22-cv-00239-DCLC-DCP (E.D. Tenn. July 14, 2023). It is true, as Plaintiffs contend, that they themselves have not received the same ruling in this case and that

Judge Corker's decision is from a different case. [Doc. 31 at 4–5]. Still, the plaintiffs in *Liu* had property damaged by the same wildfire, were insured by the same Rock Ridge policy, and were represented by the same counsel as Plaintiffs in this action. [Doc. 28 at 2]. And Plaintiffs seemingly responded to Judge Corker's ruling by filing the instant motion. Namely, Plaintiffs elected to pursue this action in federal court—rather than state court— and file a motion for judgment on the pleadings, only to file a motion to certify before the Court resolved their outstanding motion for judgment on the pleadings but after Judge Corker rejected arguments virtually identical to the ones they now raise. If Plaintiffs believed this case presented important and unsettled questions of state law, as they now argue, they could have either filed this action in state court initially or moved to certify before litigating extensively in federal court. Based on these circumstances, Plaintiffs' Motion for Certification [Doc. 26] has been raised at an improper time and is disfavored based on Sixth Circuit precedent.

In addition to its improper timing, Plaintiffs' Motion for Certification [Doc. 26] is unnecessary because the Court can dispense of the question sought to be certified in accordance with reasonably clear principles. Plaintiffs seek to certify to the Tennessee Supreme Court the question of whether their Policy is a "valued policy" under Tennessee law. [Doc. 26 at 1]. It is true that the Tennessee Supreme Court has not addressed this precise issue—whether an insurance policy with the language contained in Plaintiffs' Policy is a "valued policy." [Doc. 27 at 4]. But this fact does not require the Court to grant Plaintiffs' Motion for Certification. [Doc. 26].

In support of their Motion for Certification [Doc. 26], Plaintiffs contend that there are no reasonably clear principles to guide the Court because only a single district court opinion—that is, Judge Corker's ruling in *Liu*—addresses the question they seek to certify. [Doc. 31 at 3]. Plaintiffs' argument, however, fails to recognize that in reaching his decision in *Liu*, Judge Corker relied on

principles of Tennessee contract law and related Sixth Circuit to find that the plaintiffs' insurance policy was not a "valued policy." Judge Corker invoked a well-established maxim of contractual interpretation which provides that a contract's provisions should be construed in harmony with one another so as to avoid rendering any one provision meaningless. *Liu, et al. v. Rock Ridge Ins. Co.*, No. 3:22-cv-00239-DCLC-DCP, at 11 (E.D. Tenn. July 14, 2023). Judge Corker found that the plaintiffs' proffered interpretation would render other provisions of their insurance policy inoperable. *Id.* at 11. Judge Corker also relied on a Sixth Circuit decision, *Stuyvesant Ins. Co. v. Jacksonville Oil Mill*, 10 F.2d 54 (6th Cir. 1926), which interpreted similar insurance policy language to find that the Policy was not a "valued policy." *Id.* at 8–10.

There is no reason the Court cannot rely on those same principles to resolve the issue in this case, which is analytically identical to *Liu*. Accordingly, the Court may resolve the matter itself without certification to the Tennessee Supreme Court.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Certification of Question to the Tennessee Supreme Court [Doc. 26] is **DENIED**.

**SO ORDERED.**

                                         */s/ Charles E. Atchley, Jr*
                                         **CHARLES E. ATCHLEY, JR.**
                                         **UNITED STATES DISTRICT JUDGE**